## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLOBAL BROTHER SRL,<br><br>      Plaintiff,<br><br>    v.<br><br>Sarmila MALLA and Aarjan KHADKA D/B/A "READORA," "OFFICIALREADORA.COM,"<br><br>      Defendants. | C.A. No. 25-_____ |

## COMPLAINT

Global Brother SRL ("Plaintiff"), by and through its undersigned counsel, files this Complaint against Defendants, and alleges as follows:

### NATURE OF THE ACTION

This is a civil action for copyright infringement and related claims arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. The Plaintiff, brings this action to address the unauthorized reproduction, distribution, and public display of its copyrighted works by Defendants.

1.  Plaintiff is a worldwide publisher of popular books and titles and has invested substantial resources in creating and distributing its copyrighted materials. Defendants, without authorization or license, have engaged in the unauthorized dissemination of Plaintiff's works through various online platforms and other means (not limited to but including SHOPIFY), thereby misrepresenting their rights and misleading consumers, causing financial and reputational harm to Plaintiff.

2. Through this action, Plaintiff seeks to protect its exclusive rights under federal law and prevent further harm caused by Defendant's ongoing infringement. Plaintiff seeks injunctive relief, statutory damages, actual damages, attorneys' fees, and any other relief the Court deems just and proper to remedy the harm caused by Defendant's unlawful conduct.

## JURISDICTION AND VENUE

3. This Court possesses subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the claims arise under the Constitution, laws, or treaties of the United States, including but not limited to the Copyright Act (17 U.S.C. § 101 et seq.) and the Lanham Act (15 U.S.C. § 1051 et seq.).

4. This Court further has exclusive jurisdiction over the claims arising under federal copyright and trademark law under 28 U.S.C. § 1338(a) and (b), which grants original jurisdiction to federal district courts for all civil actions arising under any Act of Congress relating to copyrights, trademarks, or unfair competition.

5. This Court also has jurisdiction under 15 U.S.C. § 1121, which provides that the district and territorial courts of the United States shall have original jurisdiction over all actions arising under the Lanham Act.

6. This Court additionally has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), as the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) as Defendant conducts substantial business in this District, a substantial part of the events giving rise to this action occurred within this District, and the infringing acts giving rise to the claims occurred here.

Furthermore, Defendants are subject to this Court's jurisdiction because, pursuant to the DMCA counter-notice, Defendants expressly consent to jurisdiction.

8. Defendant is subject to this Court's personal jurisdiction as it has purposefully directed their unlawful activities toward this District, including by conducting business, advertising, selling, and/or distributing the infringing products within this District, thereby availing themselves of the privileges of conducting business within the State of Delaware.

## PARTIES

9. Plaintiff, Global Brother SRL, is a Romanian Societate cu Raspundere Limitata (SRL) organized and existing under the laws of Romania, with principal place of business located at Ghiozdanului 22A Lighthouse Residence, Bucharest, Romania. Plaintiff is engaged in the business of publishing, selling, distributing, and advertising books in the United States and internationally. Plaintiff owns and holds all rights, title, and interest in and to the intellectual property associated with its book titled "Forgotten Home Apothecary" and related works, including but not limited to U.S. Copyright Registration No. TXu 2-446-715, trade dress, and common law trademark rights.

10. Defendant, Sarmila MALLA ("MALLA"), is an individual engaged in infringing conduct under the fictitious or alternate names "READORA," "OFFICIALREADORA.COM," and "p4mu8z-9h.myshopify.com." Defendant MALLA submitted a DMCA counter-notice and expressly consented to the jurisdiction of the United States District Court for the District of Delaware. Upon information and belief, Defendant MALLA is located at 24 Lagonda Dr., Sydney NSW 2565 AUSTRALIA, and may also be associated with additional addresses and contact information disclosed in connection with the counter-notice. Defendant, MALLA, owns, operates

and controls the URL and content associated, directed and displayed at < officialreadora.com> , p4mu8z-9h.myshopify.com (collectively, the "Offending Website").

11. Defendant, Aarjan KHADKA ("KHADKA"), is an individual engaged in infringing conduct under the fictitious or alternate names "READORA," "OFFICIALREADORA.COM," and "p4mu8z-9h.myshopify.com." Defendant KHADKA submitted a DMCA counter-notice and expressly consented to the jurisdiction of the United States District Court for the District of Delaware. Upon information and belief, Defendant KHADKA is located at 5/27 Lorna Lim Terrace, Driver NT 0830 AUSTRALIA, and may also be associated with additional addresses and contact information disclosed in connection with the counter-notice. Defendant, KHADKA, owns, operates and controls the URL and content associated, directed and displayed at <officialreadora.com> , p4mu8z-9h.myshopify.com (collectively, the "Offending Website").

12. Defendants MALLA and KHADKA are related parties, acting in concert, jointly and / or as alter egos, operating together as the business known as "READORA" and "OFFICIALREADORA.COM," jointly and severally liable for the conduct alleged herein, and collectively referred to as "Defendant."

## FACTUAL BACKGROUND

13. Plaintiff is the exclusive owner of all rights, title, and interest in and to the book titled, "FORGOTTEN HOME APOTHECARY. 250 POWERFUL REMEDIES AT YOUR FINGERTIPS" derivatives and dominant, namely "Forgotten Home Apothecary" as including but not limited to its registered copyrights, common law trademark rights, and distinctive trade dress, including:

- TRADEMARK: Plaintiff has acquired common law trademark rights in the title and cover "Forgotten Home Apothecary" through continuous and extensive use in commerce, resulting in strong consumer recognition.

- TRADE DRESS: Plaintiff's trade dress includes a distinctive design comprising its title, layout, font style, color scheme, and associated imagery. This trade dress is inherently distinctive and has acquired secondary meaning in the marketplace, signifying to consumers that the product, book, originates from Plaintiff.

- COPYRIGHT: Plaintiff owns U.S. Copyright Registrations for Forgotten Home Apothecary, inter alia, the book, text, artwork, videos, and scripts as in PAU004249674, TXU002445163, TXU002446167, VAU001538856, TXU002433712, VAU001533601, PA0002534350, and TXU002446715 (**Exhibit A**, U.S. Copyright Office abstracts).

14. The book cover artwork comprises a richly detailed design with a central image of vintage wooden shelves stocked with apothecary jars, bottles, and herbal containers. These shelves hold an assortment of remedies, herbs, and tinctures, each labeled in a classic style to evoke a sense



of historical or traditional medicine. At the top center of the cover is a cream-colored title box adorned with green leafy vines and floral accents. The word "Forgotten" appears in red serif font above the prominent red banner containing "HOME APOTHECARY" in bold white capital letters, which stands out as the central design element. Below this, the subtitle "250 Powerful Remedies at Your Fingertips" is presented in green and gold serif font. Surrounding the title box are decorative herbal elements, further reinforcing the natural and traditional theme. The entire cover is framed with an ornate, dark wooden border featuring intricate carvings, giving it an antique and timeless aesthetic. The author's name, "Nicole Apelian Ph.D.," appears at the bottom center in gold font against the dark wooden frame, completing the design:

15. Plaintiff's book has been extensively marketed, distributed, and sold in the United States since at least as early as 2023, generating substantial consumer recognition and goodwill. As a result of this continuous use and promotion, Plaintiff has established enforceable trademark rights in the content, title, design, and trade dress of the book. Notably, the Plaintiff's book is number 8 on the AMAZON CHARTS of the MOST SOLD book for the week of September 28, 2025 (and has been on the list for 39 weeks. See screenshot page, https://www.amazon.com/charts/2025-09-28/mostsold/nonfiction/ref=dp_chrtbg_dbs_1, as of October 3, 2025).



Upon information and belief, Defendant is and was aware of the commercial success of Plaintiff's book, including its prominent placement on the Amazon Most Sold charts and deliberately targeted the title for infringement in a calculated effort to capitalize on its visibility and perceived market value. Defendant's actions demonstrate a calculated effort to exploit the book's marketplace visibility and consumer recognition to generate quick profits through unauthorized sales.

16.     On or about the beginning of September 2025, Plaintiff discovered Defendant was advertising and selling counterfeit, unauthorized versions of its book on the Offending Website as in the following:



including at, https://officialreadora.com/products/250-powerful-at-home-natural-remedies; and, https://officialreadora.com/products/250-powerful-at-home-natural-remedies?fbclid=PARlRTSAMnuWlleHRuA2FlbQIxMAABp7A5eTKmQcjMTevMtcVZBoz5miKs7YZCTusGTInbIJCb4AbIKA-EobhDlQoC_aem_5QzWru-kv2Ys7Q9fd477Xg     ("infringing advertisement").

17.     The infringing advertisement replicates and mimics Plaintiff's intellectual property, including the book's distinctive trade dress. Defendant's infringing book unlawfully copies Plaintiff's protected trade dress and copyrighted artistic elements, creating a false impression of affiliation. The infringing cover reproduces Plaintiff's distinctive vintage apothecary-themed design, featuring wooden shelves filled with bottles, jars, and herbal remedies arranged in a nearly identical manner. The title, Forgotten Home Apothecary II, mimics Plaintiff's Forgotten Home Apothecary. The infringing book copies Plaintiff's color scheme, ornate wooden border, cream-

colored central title box, serif typography, decorative botanical accents, and red banner containing the words "Home Apothecary" in bold, vintage-style lettering. In addition, the infringing versions have been deliberately altered to obscure the original title and author attribution in a way that calls heightened attention to the secondary meaning of Plaintiff's book, while retaining enough of the original look to remain recognizable to consumers. Notably, the title of the infringing advertisement does not include "Forgotten Home Apothecary." The alteration—reinforces secondary meaning, Defendant's intent to copy, mislead consumers, trade on Plaintiff's goodwill, and evade detection. This conduct constitutes trade dress infringement, copyright infringement, and false designation of origin under applicable law.

18. To safeguard its intellectual property rights and mitigate consumer confusion, on or about September 5, 2025, Plaintiff filed a Digital Millennium Copyright Act (DMCA) takedown notices with SHOPIFY regarding the unauthorized content. Following its complaint, the Defendant's infringing advertisements were suspended.

19. Days later, on September 16 and 17, 2025, Defendant filed Counter-Notices, falsely claiming that the takedowns were made in error and asserting a "good faith belief" that its actions were lawful. Under SHOPIFY's policy, the infringing advertisements will now be reinstated unless Plaintiff files a federal lawsuit. (**Exhibit B**, Defendant's Counter-Notices, SHOPIFY emails.)

20. In an effort to exhaust non-litigation remedies, Plaintiff sent correspondences to Defendant, confirming Plaintiff's rights and requesting Defendant's cooperation in resolving the dispute.

21. Upon information and belief, Defendant has engaged in additional infringements beyond those presently known to Plaintiff. Further discovery will reveal the full scope of the

9

infringing activities, including additional unauthorized reproductions, sales, and operations Defendant has not disclosed.

22. Plaintiff has not authorized Defendant's foregoing acts and brings this action for relief, including but not limited to copyright infringement, trademark and trade dress infringement, and false advertising, have caused irreparable harm to Plaintiff's reputation, consumer goodwill, and financial interests. Plaintiff has suffered and will continue to suffer substantial damages unless Defendant is enjoined by this Court. Despite Plaintiff's repeated and measured efforts to avoid burdening the Court, Defendant's refusal to cooperate made legal action unavoidable.

## CLAIMS FOR RELIEF

## COUNT I

## COPYRIGHT INFRINGEMENT

## [17 US CODE § 501]

23. Plaintiff realleges and incorporates by reference preceding paragraphs 1-22 as though fully set forth herein.

24. Plaintiff is the lawful owner of valid and enforceable U.S. Copyright Registrations for the book, its contents and cover artwork, which confer exclusive rights under 17 U.S.C. § 106, including the rights to reproduce, distribute, display, and create derivative works based on the copyrighted material.

25. Defendant, without authorization or consent, have willfully and unlawfully reproduced, distributed, and displayed counterfeits and/or unauthorized copies of Plaintiff's copyrighted materials in violation of 17 U.S.C. § 501 continuously from the time beginning from at least as early as before July 2025, to present. Acts of infringement occurred after the Plaintiff received its copyright registrations.

26. Defendant's actions constitute willful infringement as defined under the Copyright Act, entitling Plaintiff to enhanced statutory damages under 17 U.S.C. § 504(c). Under 17 U.S.C. § 505, Plaintiff seeks recovery of its attorneys' fees, costs, and expenses incurred in this action because of Defendant's infringing activities.

27. As a direct and proximate result of Defendant's infringing acts, Plaintiff has suffered and will continue to suffer irreparable harm and economic damages for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, the foregoing infringing acts will continue to cause irreparable injury to Plaintiff who has no adequate remedy at law.

28. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting further importing, advertising, using, making, or infringing the protections under Global Brother U.S. Copyright Registrations, and ordering all unauthorized copies that shall exist, to be destroyed or forfeited.

## COUNT II

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

### [15 U.S.C. § 1125(a)]

29. Plaintiff realleges and incorporates by reference paragraphs 1-22 as though fully set forth herein.

30. Plaintiff owns enforceable common law trademark and trade dress rights in and to (a) the non-functional, unique designs of the book cover and (b) title "Forgotten Home Apothecary" (the trade dress and title marks collectively referred to as "Plaintiffs Trademark").

31. The Plaintiff's Trademark has been in continuous use in U.S. interstate commerce by Plaintiff prior to any date which can be legally claimed by Defendant.

32. Plaintiff's Trademark is inherently distinctive and/or has acquired distinctiveness and secondary meaning based on substantial promotion, sales, marketing, and use in U.S. commerce. Consumers associate the unique title, unique pattern-design of the book as originating exclusively from Plaintiff.

33. Defendant's unauthorized use of Plaintiff's trade dress, title, and overall design constitutes false and misleading representations of fact that is likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval, false description, and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

34. As a direct and proximate result of the foregoing acts, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, royalties, and other damages in an amount to be determined at trial, and continues to suffer irreparable harm, loss of goodwill, and monetary damages as a direct result of Defendant's unfair competition.

35. Plaintiff seeks damages, including Defendant's profits, actual damages, and costs, pursuant to 15 U.S.C. § 1117(a), as well as injunctive relief to prevent further acts of unfair competition. And because Defendant's acts were willful, this is an exceptional case making the Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## COUNT III

## MISREPRESENTATION, COUNTER-NOTICE

## [17 U.S.C. § 512(F)]

36. Plaintiff realleges and incorporates by reference paragraphs 1-22 as though fully set forth herein.

37. Defendant knowingly and materially misrepresented their rights to distribute and display the infringing books in the counter-notice.

38. Defendant's false assertions in the counter-notices constitute a violation of 17 U.S.C. § 512(f), as they acted with actual knowledge of the falsity of their claims or reckless disregard for the truth.

39. As a result of Defendant's misrepresentations, Plaintiff has suffered and will continue to suffer damages, including but not limited to costs and attorneys' fees incurred in addressing Defendant's unlawful conduct including but not limited to having to file this instant complaint.

**COUNT IV**

**VIOLATIONS OF DELAWARE DECEPTIVE TRADE PRACTICES ACT**

**[6 Del. C. § 2531 et seq.]**

40. Plaintiff realleges and incorporates by reference paragraphs 1-22 as though fully set forth herein.

41. Delaware's Deceptive Trade Practices Act (DTPA), 6 Del. C. § 2531 et seq., prohibits unfair or deceptive acts or practices in the conduct of trade or commerce. The statute is designed to protect consumers and legitimate business entities from harm caused by unfair business practices and deceptive trade acts.

42. Defendant engaged in conduct that violates 6 Del. C. § 2532(a) by advertising, offering for sale, selling, distributing, and attempting to distribute counterfeit and unauthorized versions of Plaintiff's book, "Forgotten Home Apothecary." This conduct is unfair and deceptive at least because:

a. Deceptive Representation of the Book's Origin: Defendant deliberately replicated the title, trade dress, and cover design of Plaintiff's books, misleading consumers into believing the infringing book is either affiliated with, authorized by, or a genuine product of Plaintiff.

b. False and Misleading Advertising: Defendant used deceptive advertisements that prominently displayed a counterfeit version of Plaintiff's books, creating confusion among consumers about the source and quality of the product.

c. Use of a Knockoff Product to Mislead Consumers: Defendant mimicked Plaintiff's distinctive trade dress and design to unlawfully capitalize on the goodwill, reputation, and established consumer trust associated with Plaintiff's books.

d. This tactic was designed to confuse consumers while evading detection by Plaintiff and online platforms.

e. Harm to Consumers: Consumers who purchased the infringing books received a counterfeit product that was not authorized or endorsed by Plaintiff. This deception caused consumers to suffer financial loss and diminished trust in Plaintiff's brand.

43. To preserve the integrity of evidence, Plaintiff seeks an injunction to preserve all potentially relevant electronic evidence, including, but not limited to:

a. Data from Shopify accounts, including sales records, customer communications, and financial transactions related to the infringing book;

b. All financial records connected to the infringing book, including revenue, expenses, and profit calculations;

c. Design files, production records, and any related communications concerning the development or manufacture of the infringing book;

14

  d. Customer communications and data, including complaints, inquiries, or feedback regarding the infringing book;

  e. Records of supplier and distributor relationships, including financial data and agreements.

  44. As a direct and proximate result of Defendant's deceptive acts and practices, Plaintiff has suffered significant harm, including but not limited to loss of sales and market share due to diverted business, damage to reputation and goodwill, and consumer confusion that undermines trust in Plaintiff's authentic product.

  45. Under 6 Del. C. § 2533(a), Plaintiff is entitled to recover actual damages incurred as a result of Defendant's unfair competition, including compensation for lost revenue, reputational harm, and other economic injuries. Given the willful and knowing nature of Defendant's conduct, Plaintiff is entitled to treble damages.

  46. Plaintiff further seeks equitable relief under Delaware law, including injunctive relief pursuant to 6 Del. C. § 2533(a) to prevent Defendant from engaging in further deceptive and unfair practices. Such relief is necessary to safeguard Plaintiff's business interests and to protect consumers from ongoing harm.

  47. Pursuant to 6 Del. C. § 2533(b), Plaintiff also seeks recovery of its attorneys' fees and costs incurred in prosecuting this action, as Defendant's conduct constitutes a willful and knowing violation of the State laws.

## COUNT V

### UNJUST ENRICHMENT

  48. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49. Defendant has unlawfully benefitted from the unauthorized use of Plaintiff's intellectual property, for the purpose of deriving revenue and goodwill at Plaintiff's expense.

50. Defendant used Plaintiff's distinctive book, title, trade dress, and associated goodwill to market and sell unauthorized, counterfeit copies of "Forgotten Home Apothecary."

51. Defendant knowingly replicated Plaintiff's unique book, including the layout, patterns, and color scheme, to deceive consumers into purchasing the counterfeit book under the false impression that it was associated with Plaintiff.

52. By capitalizing on Plaintiff's intellectual property and goodwill, Defendant unjustly obtained benefits, including but not limited to: Revenue generated from the sale of counterfeit books; Cost savings by avoiding investment in original design, marketing, and branding efforts; and Consumer trust and market recognition built upon Plaintiff's established reputation.

53. Plaintiff never authorized Defendant to use its intellectual property or to benefit from its reputation and goodwill. Defendant's unauthorized use constitutes unlawful conduct that has harmed Plaintiff financially and reputationally.

54. Defendant knew or should have known that their actions were unauthorized, unlawful, and performed directly at Plaintiff's expense. Defendant acted willfully and deliberately to exploit Plaintiff's intellectual property for their financial gain, with full knowledge that they had no right to do so.

55. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered significant harm, including Loss of revenue and market share due to diverted sales; Reputational harm caused by consumer confusion and association with counterfeit goods; and Diminished goodwill in the marketplace. Equity and good conscience require that Defendant disgorge all profits and other financial benefits unjustly obtained through their wrongful conduct.

56. Plaintiff is entitled to restitution of all ill-gotten gains and any other equitable relief deemed just by this Court. Equity demands that Defendant should not be permitted to retain the benefits unjustly obtained through their wrongful conduct. Plaintiff is entitled to restitution of all ill-gotten gains and profits, as well as any other equitable relief this Court deems just and proper to prevent Defendant from further unjust enrichment at Plaintiff's expense.

### COUNT VI

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

57. Plaintiff realleges and incorporates by reference paragraphs 1-22 as though fully set forth herein.

58. Plaintiff has established and ongoing business relationships with its customers, distributors, and online retailers, where Plaintiff's book "Forgotten Home Apothecary" is sold. These relationships are built on trust, reputation, and consistent delivery of authentic, high-quality products.

59. Defendant, with knowledge of these relationships, intentionally and unjustifiably interfered by introducing counterfeit goods into the market, diverting sales and eroding consumer trust in Plaintiff's authentic product.

60. Defendant was aware, or should have been aware, of Plaintiff's business relationships and the goodwill associated with its intellectual property. This knowledge is evidenced by Defendant's deliberate replication of Plaintiff's title, trade dress, and book design to target and exploit Plaintiff's customer base and online retail channels.

61. Defendant intentionally and unjustifiably interfered with Plaintiff's business relationships by engaging in the following actions: Advertising and selling counterfeit versions of Plaintiff's books, thereby diverting sales from Plaintiff's legitimate product; Creating consumer

17

confusion by mimicking Plaintiff's trade dress and title, leading customers to believe they were purchasing Plaintiff's authentic product; Filing a counter-notices to reinstate infringing listings, undermining Plaintiff's ability to protect its intellectual property rights and maintain its business relationships.

62. Defendant's conduct was not privileged, justified, or excused. The actions were willful and malicious, intended to profit at Plaintiff's expense by exploiting Plaintiff's established reputation and business relationships.

63. As a direct and proximate result of Defendant's tortious interference, Plaintiff has suffered significant harm, including but not limited to: Loss of sales and revenue due to diverted business opportunities; Damage to its reputation and goodwill, as consumers mistakenly associate counterfeit goods with Plaintiff's brand; Impairment of its business relationships with customers, which rely on Plaintiff's ability to deliver authentic and trusted products. Equity and good conscience under Delaware law require that Defendant disgorge all profits and other financial benefits unjustly obtained through their wrongful conduct.

64. Plaintiff seeks actual and compensatory damages for the financial and reputational harm caused by Defendant's interference. Plaintiff further seeks punitive damages to deter Defendant and others from engaging in similar wrongful conduct, as well as any other equitable relief this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendant(s) as follows:

    a. Preliminary and permanent injunctive relief prohibiting Defendant from further infringing, unfair competition, and deceptive practices;

      b.      Impoundment of infringing articles under 17 U.S.C. § 503(a), in addition to destruction/forfeiture;

      c.      Statutory damages under the Lanham Act and Copyright Act;

      d.      Actual damages, including lost profits and compensation for reputational harm;

      e.      Enhanced damages, and treble damages for willful violations of the Lanham Act under 15 U.S.C. § 1117;

      f.      Disgorgement of Defendant's profits from infringing activities;

      g.      Attorneys' fees, costs, and expenses under 15 U.S.C. § 1117, 17 U.S.C. § 505, and 6 Del. C. § 2533(b);

      h.      An order requiring the destruction or forfeiture of all infringing materials in Defendant's possession;

      i.      Restitution for unjust enrichment under Delaware law;

      j.      Pre-judgment interest at the maximum legal rate;

      k.      Post-judgment interest at the maximum legal rate;

      l.      Awarding Plaintiff the costs of this action; and

      m.      All other and further relief the Court deems just and equitable.

Dated: October 3, 2025

**SMITH, KATZENSTEIN & JENKINS LLP**

<u>*/s/ Daniel A. Taylor*</u>
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Plaintiff Global Brother SRL*